**Hong Qin LI and Jian Lin Zheng, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, and Immigration and Naturalization Service, Respondents.**

Nos. 03–41115–ag(L); 03–41117–ag(Con) NAC.

United States Court of Appeals, Second Circuit.

March 21, 2006.

Hong Qin Li, Jian Lin Zheng, New York, New York, for Petitioners, pro se.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hong Qin Li and Jian Lin Zheng petition for review of the 2003 BIA order affirming an IJ's decision denying asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

In this case, the IJ's determination that discrepancies between Li's and Zheng's testimony regarding their interactions with their child and the number of IUDs Li was forced to wear, as well as Li's admission that she submitted a fraudulent asylum application and her act of asking the interpreter how to respond to the IJ's questioning during her hearing, caused them not to be credible is substantially supported by the record as a whole. Although the IJ erroneously noted that Li and Zheng had testified inconsistently with respect to the method of notification of Zheng's sterilization, it can be "confidently predict[ed]" that the IJ would have reached the same conclusion absent the erroneous determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161–162 (2d Cir. 2006). The IJ's adverse credibility determination is supported by substantial evidence in the record. Because the IJ properly determined that Li and Zheng were not credible and therefore did not meet their burden of proof for asylum, it necessarily follows that denial of withholding of removal, which carries a higher burden of proof, was correct.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).